IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

NICOLE BROOKS,

    Plaintiff,

VS.                                   No. 05-1386-T/An

JACKSON METRO NARCOTICS
DEPARTMENT and the STATE OF
TENNESSEE,

    Defendants.

ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*
ORDER DENYING MOTION TO INTERVENE AS UNNECESSARY
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
ORDER DENYING LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS*
AND
NOTICE OF APPELLATE FILING FEE

Plaintiff Nicole Brooks filed a *pro se* complaint, entitled "Petition for Injunctive Relief," on December 30, 2005, along with a motion seeking leave to proceed *in forma pauperis*. Based on the information set forth in the plaintiff's affidavit, and in her complaint, the motion to proceed *in forma pauperis* is GRANTED. The Clerk shall record the defendants as the Jackson Metro Narcotics Department and the State of Tennessee.[1]

The complaint alleges that the plaintiff's husband, James Brooks, was arrested by the

---

[1] Although the State of Tennessee is not listed at the top of the first page of the petition, the second paragraph of that document makes clear that plaintiff also seeks to sue the State of Tennessee.

Jackson Metro Narcotics Department on October 19, 2005 and charged with a drug offense. At the time of his arrest, James Brooks signed two property seizure forms, which indicated that two vehicles, a 1976 Cadillac and a 2002 Pontiac, were being seized. When plaintiff drove to the police station upon learning of her husband's arrest, her car, the 2002 Pontiac, was seized by police officers due to its use in a drug offense. According to documents filed by Gerald Nicely, the Commissioner of the Tennessee Department of Safety, on January 25, 2006, a state forfeiture warrant was obtained for plaintiff's car. On November 29, 2005, plaintiff filed a petition for a hearing and a cost bond in the state forfeiture proceeding with the Tennessee Department of Safety. A state forfeiture hearing is scheduled for February 22, 2006.[2] The plaintiff asserts that she is the sole owner of the car and that her husband does not drive it. It appears that she seeks an injunction halting the forfeiture hearing and directing the return of her vehicle and the money she paid to the State of Tennessee as a result of the seizure.

The Court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action—

    (i)        is frivolous or malicious;
    (ii)       fails to state a claim on which relief may be granted; or
    (iii)      seeks monetary relief against a defendant who is immune from

---

[2] On January 25, 2006, Nicely filed a motion seeking leave to intervene in this action as of right, as well as a proposed motion to dismiss. Nicely's motion to intervene is premised on the erroneous assumption that the State of Tennessee is not a party to this action. As the State is, in fact, a party, the motion for leave to intervene is DENIED as unnecessary. The State, as a party, is entitled to file a motion to dismiss. However, apart from the procedural recitation, the Court will not consider the substance of the motion to dismiss because the plaintiff has not had an opportunity to respond. Moreover, in light of the Court's authority to screen the petition pursuant to 28 U.S.C. § 1915(e)(2), consideration of the motion to dismiss is not necessary in order for the Court to issue a decision on the petition.

such relief.

28 U.S.C. § 1915(e)(2). The plaintiff's complaint is subject to dismissal in its entirety.

As the basis for federal subject-matter jurisdiction, the plaintiff asserts that the seizure of her car was illegal and unconstitutional. She is, in effect, suing pursuant to 42 U.S.C. § 1983, which provides a cause of action for violations of the United States Constitution by state officials. However, in Parratt v. Taylor, 451 U.S. 527 (1981), the Supreme Court held that a negligent deprivation of personal property by state officials is not actionable under § 1983 if the state provides an adequate remedy for that deprivation. Davidson v. Cannon, 474 U.S. 344 (1986), and Daniels v. Williams, 474 U.S. 329 (1986), held that "the Due Process Clause [of the Fourteenth Amendment] is simply not implicated by a negligent act of an official causing unintended loss of or injury to . . . property." Moreover, Hudson v. Palmer, 468 U.S. 517 (1984), held that even an intentional deprivation of personal property by state officials is not actionable under § 1983 if the state provides an adequate remedy for that deprivation. See also Smith v. Rose, 760 F.2d 102, 106 (6th Cir. 1985); Brooks v. Dutton, 751 F.2d 197 (6th Cir. 1985).

The plaintiff in this case has an adequate state remedy. She received notice of the state forfeiture proceeding, as required by Tenn. Code Ann. § 53-11-201(a)(1) (2005). The plaintiff requested a hearing, pursuant to § 53-11-201(c), which is scheduled for February 22, 2006. Pursuant to the statute, "[a]t the hearing, the state shall have the burden of proving by a preponderance of the evidence that the seized property . . . was used in a manner making

it subject to forfeiture under the provisions of this chapter."  § 53-11-201(d)(2).[3]  "If the ruling of the commissioner is favorable to the claimant, the commissioner shall deliver to the claimant the vehicle and any other property seized that is not contraband, and the claimant shall not be required to pay any of the expenses incurred in the storage, transportation, and impoundment of such seized property."  § 53-11-201(e)(1).  If the plaintiff loses at the hearing, she is entitled to seek review in the state courts.  Plaintiff thus has an adequate state remedy.

Accordingly, the Court DISMISSES the petition, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

The Court must also consider whether plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so.  Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a).  See Callahan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999).  Rule 24(a)(3) provides that, if a party has been permitted to proceed *in forma pauperis* in the district court, she may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis."  If the district court denies pauper status, the party may file a motion to proceed *in forma*

---

[3]  Moreover, to the extent the forfeiture is based on the conduct of plaintiff's husband, the plaintiff is entitled to show that that she "[h]ad at no time any knowledge or reason to believe that it was being or would be used in violation of the laws of the United States or of the State of Tennessee relating to narcotic drugs or marijuana."  Id., § 53-11-201(f)(1)(B).

4

*pauperis* in the Court of Appeals.  Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one.  Coppedge v. United States, 369 U.S. 438, 445 (1962).  An appeal is not taken in good faith if the issue presented is frivolous.  Id.  It would be inconsistent for a district court to determine that a complaint does not warrant service on the defendant, yet has sufficient merit to support an appeal *in forma pauperis*.  See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).  The same considerations that lead the Court to dismiss the complaint for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by the plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED.  Accordingly, if plaintiff files a notice of appeal, she must pay the $255 appellate filing fee in full or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Sixth Circuit within thirty days.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE